

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

March 30, 1995

Honorable Rodney Ellis
Chair
Committee on Intergovernmental Relations
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. DM-341

Re: Whether title VI of the federal Civil Rights Act of 1964 was enacted to prohibit racial discrimination in federally funded programs and related questions (RQ-778)

Dear Senator Ellis:

You ask a series of questions about title VI of the federal Civil Rights Act of 1964 (the "act"), 42 U.S.C. §§ 2000d - 2000d-7 ("title VI").[1] We note that title VI was amended in 1988 by the Civil Rights Restoration Act of 1987. Except where noted otherwise, all references are to title VI as amended.

First, you ask whether title VI of the act was enacted to prohibit racial discrimination in federally funded programs. Section 601 of the act, 42 U.S.C. § 2000d, provides as follows:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

42 U.S.C. § 2000d. Title VI was enacted by Congress as part of the Civil Rights Act of 1964, the purpose of which was to eliminate various forms of discrimination against minority groups, particularly African Americans. *See* H.R. Rep. 914, 88th Cong., 2d Sess., *reprinted in* 1964 U.S.C.C.A.N. 2391, 2393. The House Committee Report states that title VI

> declares it to be the policy of the United States that discrimination on the ground of race, color, or national origin shall not occur in connection with programs and activities receiving Federal financial assistance and authorizes and directs the appropriate Federal departments and agencies to take action to carry out this policy. . . .

1964 U.S.C.C.A.N. at 2400.

---

[1] We answer your questions in a slightly different order than you have posed them.

Next you ask whether "state agencies, local government entities, educational institutions, private for profit and non-profit corporations [are] recipients" under the act. The act does not define the term "recipients." In 1988, however, Congress amended the act to clarify the meaning of the terms "program or activity" and "program" as they are used in title VI. *See, e.g.*, 42 U.S.C. §§ 2000d, 2000d-1. Newly-added section 606 of the act, 42 U.S.C § 2000d-4a, provides as follows:

> For purposes of this subchapter, the term "program or activity" and the term "program" mean all of the operations of—
>
> (1)(A) a department, agency, special purpose district, or other instrumentality of a State or of a local government; or
>
> (B) the entity of such State or local government that distributes such assistance and each such department or agency (and each other State or local government entity) to which the assistance is extended, in the case of assistance to a State or local government;
>
> (2)(A) a college, university, or other postsecondary institution, or a public system of higher education; or
>
> (B) a local educational agency (as defined in section 198(a)(10) of the Elementary and Secondary Education Act of 1965), system of vocational education, or other school system;
>
> (3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship—
>
> (i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or
>
> (ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; or
>
> (B) the entire plant or other comparable, geographically separate facility to which Federal financial assistance is extended, in the case of any other corporation, partnership, private organization, or sole proprietorship; or
>
> (4) any other entity which is established by two or more of the entities described in paragraph (1), (2), or (3);
>
> any part of which is extended Federal financial assistance.

42 U.S.C § 2000d-4a. The purpose of this amendment to title VI was to overturn United States Supreme Court cases that had interpreted the terms "program or activity" or

"program" narrowly. *See* S. Rep. No. 64, 100th Cong., *reprinted in* 1988 U.S.C.C.A.N. 3, 5-18; *see also Grove City College v. Bell*, 465 U.S. 555 (1984); *Consolidated Rail Corp. v. Darrone*, 465 U.S. 624 (1984). As a result of the amendment, it is now clear that title VI applies to all entities, including state agencies, local government entities, educational institutions, and private for-profit and nonprofit corporations, that receive federal financial assistance.[2]

You also ask whether "federal funding [can] be terminated or withheld for noncompliance" with title VI of the act and the Civil Rights Restoration Act of 1987. Section 602 of the act, 42 U.S.C. § 2000d-1, provides in pertinent part:

> Each federal department and agency which is empowered to extend Federal financial assistance to any program or activity, by way of grant, loan, or contract other than a contract of insurance or guaranty, is authorized and directed to effectuate the provisions of section 2000d of this title with respect to such program or activity by issuing rules, regulations, or orders of general applicability which shall be consistent with achievement of the objectives of the statute authorizing the financial assistance in connection with which the action is taken. . . . . Compliance with any requirement adopted pursuant to this section may be effected (1) by the termination of or refusal to grant or to continue assistance under such program or activity to any recipient as to whom there has been an express finding on the record, after opportunity for hearing, of a failure to comply with such requirement, but such termination or refusal shall be limited to the particular political entity, or part thereof, in which such noncompliance has been so found, or (2) by any other means authorized by law: *Provided, however*, That no such action shall be taken until the department or agency concerned has advised the appropriate person or persons of the failure to comply with the requirement and has determined that compliance cannot be secured by voluntary means. . . .

42 U.S.C. § 2000d-1. This provision clearly permits the termination or withholding of federal funding of a "program or activity" for failure to comply with agency rules implementing title VI. Funding may not be terminated or withheld, however, unless "there has been an express finding on the record, after opportunity for hearing, of a failure to comply with" the applicable federal regulations. *Id.* Furthermore, a federal agency may

---

[2]Title VI does not apply to "ultimate beneficiaries" of federal financial assistance, such as farmers and social security recipients, who do not administer federally assisted programs. *See* Pub. L. No. 100-259, § 7, 102 Stat. 31 (1988). Title VI does not authorize regulation with respect to employment practices "except where a primary objective of the Federal financial assistance is to provide employment." 42 U.S.C § 2000d-3; *see also id.* § 2000d-4 (application of title VI to contract of insurance or guaranty).

not terminate or withhold funding unless it has first "advised the appropriate person or persons of the failure to comply with the requirement and has determined that compliance cannot be secured by voluntary means." *Id.*

In a related question, you ask whether "federally funded recipients [are] required to monitor the programs and activities of their sub-recipients." Section 602, 42 U.S.C. § 2000d-1, quoted above, requires federal agencies which provide federal financial assistance to any program or activity to promulgate regulations implementing title VI. Thus, such a federal agency is generally required to monitor the programs and activities of the recipients of agency funding to assure that they comply with title VI. Agency regulations may in turn require federally funded recipients to monitor the programs and activities of their sub-recipients. Certain agency regulations, for example, require sub-recipients to submit compliance reports to the primary recipient. *See, e.g.,* 24 C.F.R. § 1.6(b) (Department of Housing and Urban Development); 28 C.F.R. § 42.106(b) (Department of Justice ); 29 C.F.R. § 31.5(b) (Department of Labor); 43 C.F.R. § 17.5(b) (Department of Interior); 45 C.F.R. § 80.6(b) (Department of Health and Human Services); 49 C.F.R. § 21.9(b) (Department of Transportation). Thus, whether a particular recipient is required to monitor the programs and activities of its sub-recipients will depend upon the applicable federal regulations.

You also ask whether title VI of the act and the Civil Rights Restoration Act of 1987 "affect state and local government boards, commissions, and authorities that formulate public policy concerning the expenditure of federal funds." Finally, in a related question, you ask whether "the minority community and/or its representatives [can] be denied the right to participate in the planning and development of public policy relating to federally funded programs." Various agencies which administer federal funding have promulgated regulations pursuant to section 602 of the act which prohibit a recipient under a federally funded program from denying a person the opportunity to participate as a member of a planning or advisory body which is an integral part of the program on the ground of race, color or national origin. *See, e.g.,* 24 C.F.R. § 1.4(b)(vii) (Department of Housing and Urban Development); 28 C.F.R. § 42.104(b)(vii) (Department of Justice); 29 C.F.R. § 31.3(b)(vii) (Department of Labor); 43 C.F.R. § 17.3(b)(vii) (Department of Interior); 45 C.F.R. § 80.3(b)(1)(vii) (Department of Health and Human Services); 49 C.F.R. § 21.5(b)(1)(vii) (Department of Transportation). Under these regulations, it is impermissible to exclude anyone from participating in the planning and development of public policy relating to federally funded programs for discriminatory reasons.

## S U M M A R Y

Title VI of the federal Civil Rights Act of 1964, 42 U.S.C. §§ 2000d - 2000d-7, was enacted to prohibit racial discrimination in federally funded programs. Title VI applies to any "program or activity," as defined by 42 U.S.C. § 2000d-4a, that receives federal financial assistance. Title VI permits the termination or withholding of federal funding of a "program or activity" for failure to comply with agency rules implementing title VI under certain conditions. *See* 42 U.S.C. § 2000d-1.

Whether a particular recipient of federal funding is required to monitor the programs and activities of its sub-recipients will depend upon the applicable federal regulations. Under various federal regulations, it is impermissible for a "program or activity" to exclude anyone from participating in the planning and development of public policy relating to federally funded programs or activities for discriminatory reasons.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Mary R. Crouter
Assistant Attorney General